# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Ildefonso Gutierrez (English)  **Dkt No.:** 17CR00016-001-WQH

**Reg. No.:** 59917-298

**Name of Sentencing Judicial Officer:** The Honorable William Q. Hayes, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II) and (a)(1)(B)(i), Transportation of Certain Aliens for Financial Gain, and Aiding and Abetting, a Class C felony.

**Date of Revocation Sentence:** July 30, 2018

**Sentence:** 3 months' custody; 24 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** October 9, 2018

**Asst. U.S. Atty.:** Mark W. Pletcher   **Defense Counsel:** Richard J. Boesen
(Appointed)
(619) 233-5121

**Prior Violation History:** Yes. Please refer to prior court correspondence.

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following conditions of supervision:

### CONDITION(S)

### ALLEGATIONS OF NONCOMPLIANCE

**(Mandatory Condition)**
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3)*

1. Mr. Gutierrez used a controlled substance, as evidenced by the urine sample he submitted at the U.S. Probation Office on November 14, 2018, which confirmed positive for methamphetamine and amphetamine.

***Grounds for Revocation:*** I have received and reviewed written laboratory notification from Alere Toxicology Services, verifying that the urine sample submitted by Mr. Gutierrez, on November 14, 2018, confirmed positive for methamphetamine and amphetamine.

**(Standard Condition)**

| | |
|---|---|
| The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer. | 2. Mr. Gutierrez failed to report to the U.S. Probation Office on November 28, 2018, at 10:00 a.m., as instructed by the probation officer. |

***Grounds for Revocation:*** On November 14, 2018, the undersigned met with Mr. Gutierrez for an initial interview. At the conclusion of the interview, the undersigned instructed Mr. Gutierrez to return to the U.S. Probation Office on November 28, 2018, at 10:00 a.m., for a follow-up appointment. Mr. Gutierrez failed to report for his scheduled appointment. He has had no further contact with the undersigned.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Following his release from federal custody, Mr. Gutierrez was transferred to Imperial County Jail to await adjudication on a pending criminal matter (for a forgery charge, as reported in the previous petition for warrant, dated April 18, 2018). Mr. Gutierrez was released from custody in that matter on November 2, 2018.

During his initial meeting with the undersigned, Mr. Gutierrez admitted to using methamphetamine and marijuana while in custody. The undersigned reviewed with Mr. Gutierrez the conditions of his release, including the requirement that he enter and complete a residential drug treatment program. The undersigned informed Mr. Gutierrez of the available treatment options in Imperial County and provided him with a list of suitable programs in San Diego County. The undersigned then instructed him to return to the U.S. Probation Office on November 28, 2018, to further discuss his plans for residential drug treatment.

As noted herein, Mr. Gutierrez failed to report for his scheduled appointment. He has had no further contact with the undersigned, and his current whereabouts is unknown.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Gutierrez is 40 years old; he last reported residing with his mother in Calexico, California.

Mr. Gutierrez's criminal record is comprised of theft- and drug-related offenses. His substance abuse history includes methamphetamine and marijuana use. During his previous term of supervised release, Mr. Gutierrez successfully completed an inpatient drug treatment program.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (Use of a Controlled Substance, and Failure to Report to the U.S. Probation Officer, as Instructed), constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 5 to 11 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 33 months' supervised release, less any term of imprisonment imposed upon revocation. The court has previously imposed an aggregate of 3 months' custody in this case. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Gutierrez has a significant history of substance abuse, and per his own admission, he used drugs while in custody. He failed to comply with supervision requirements, and since November 14, 2018, has made no effort to contact the undersigned. Mr. Gutierrez poses a risk of flight, and given his substance abuse, he is a possible risk to himself and/or others. As such, a warrant is recommended in this matter.

## RECOMMENDATION/JUSTIFICATION

During his most recent term of supervised release, Mr. Gutierrez made minimal effort to comply with supervision requirements. He reported to the probation officer on only one occasion and then failed to report to a scheduled appointment to discuss his plans for residential drug treatment. Mr. Gutierrez, by way of his noncompliance, has made it clear he has no intention of following through with the orders of the Court. He has been afforded ample opportunity to address his substance abuse problem and become a productive, law-abiding member of society. Unfortunately, it seems that at this point in his life, he is uninterested in a prosocial, drug-

free existence. Therefore, if the allegations of noncompliance are sustained, it is respectfully recommended supervised release be revoked and Mr. Gutierrez be sentenced to 11 months' custody, with no additional term of supervised release to follow.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: December 14, 2018**

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by _____
Obed Flores
Senior U.S. Probation Officer
(760) 339-4217

Reviewed and approved:

_____
Pascual Linarez
Supervising U.S. Probation Officer

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Gutierrez, Ildefonso

2. **Docket No.** (Year-Sequence-Defendant No.): 17CR00016-001-WQH

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Use of a Controlled Substance | C |
| Failure to Report to the U.S. Probation Officer, as Instructed | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))     [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))             [ III ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))         [ 5 to 11 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

**THE COURT ORDERS:**

__✓__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

The Honorable William Q. Hayes  
U.S. District Judge

Date 12/18/18